UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOSEPH ANTONETTI,

Petitioner,

v.

FILSON, *et al.*,

Respondents.

Case No. 3:17-cv-00621-MMD-CLB

ORDER

**I.  SUMMARY**

Before the Court is Respondents' motion to dismiss (the "Motion") certain grounds in Joseph Antonetti's habeas corpus petition, brought under 28 U.S.C. § 2254, because they are unexhausted or procedurally barred (ECF No. 25). Antonetti opposed (ECF No. 40), and Respondents replied (ECF No. 41). As discussed below, the Court will grant the Motion in part.

**II.  BACKGROUND**

A jury convicted Antonetti of first-degree murder with use of a deadly weapon, attempted murder with use of a deadly weapon, and possession of a firearm by an ex-felon in November 2003. (ECF No. 28-6 (Ex. 87).[1]) He was sentenced to life without the possibility of parole. (ECF No. 28-22 (Ex. 102).) Judgment of conviction was filed on February 27, 2004. (ECF No. 28-23 (Exh. 103).)

The Nevada Supreme Court affirmed Antonetti's convictions and affirmed the denial of his state postconviction habeas corpus petition. (ECF No. 30-2 (Ex. 163); ECF No. 33-13 (Ex. 294).)

---

[1] Exhibits referenced in this order are exhibits to the Motion and are found at ECF Nos. 26-33.

1

Antonetti dispatched his federal habeas corpus petition for filing in October 2017 (ECF No. 4). This Court granted his motion for appointment of counsel (ECF No. 3). Antonetti filed a counseled first-amended petition ("Petition")(ECF No. 19). Respondents now move to dismiss certain claims in the Petition as unexhausted or procedurally barred (ECF No. 25).[2]

**III.    DISCUSSION**

    **A.    EXHAUSTION**

        **a.    Legal Standard**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d

---

[2]In the course of the briefing for the Motion, Respondents withdrew their arguments that certain claims were not timely and did not relate back to a timely-filed petition (ECF No. 41 at 1). Antonetti also withdrew Ground 3 as procedurally barred and Ground 10 as unexhausted (ECF No. 40 at 6-7).

1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106. However, citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

### b.     Ground 2

Antonetti alleges that the admission of evidence of an attempted escape from pretrial custody and related phone calls violated his Fifth and Fourteenth Amendment due process and equal protection rights. (ECF No. 19 at 36-38.[3]) Respondents argue that Ground 2 was not fairly presented to the highest state court. (ECF No. 25 at 7; ECF No. 41 at 2). Antonetti contends that he raised this on direct appeal. (*See* ECF No. 29-27 (Ex. 148 at 32-35.)

///

---

[3] For whatever reasoning, there is a lack of consistency in the numbering of Petitioner's grounds. The Court uses the numbering from the Motion because Petitioner followed that sequencing in his opposition.

3

Antonetti argued on direct appeal that the admission of the phone calls, in which he made vulgar, sexual and threatening comments, violated his Fifth and Fourteenth Amendment rights. (*Id.*) He did not challenge the admission of the phone calls to the extent that they referred to an attempted escape. Here, while Antonetti focuses on the escape attempt, he also claims that the admission of the phone calls containing his vulgar, sexual, and threatening language violated his constitutional rights. Accordingly, that portion of Ground 2 is exhausted. However, the claim that the admission of the evidence of an attempted escape and related phone calls was constitutional error is unexhausted. Antonetti essentially concedes that this claim would be procedurally defaulted if he were to return to state court (*see* ECF No. 40 at 6; *see also* Section II.b below), yet he offers no argument as to good cause and prejudice to excuse any such default. Accordingly, the portion of Ground 2 related to the evidence of an escape attempt and related phone calls is dismissed.

### c. Ground 11

Antonetti argues that the cumulative effect of the constitutional errors he alleges warrants federal habeas relief. (ECF No. 19 at 53.) Respondents contend that this claim is unexhausted. (ECF No. 25 at. 8-9.) Antonetti raised a cumulative error claim in his direct appeal and cited to a Nevada Supreme Court case in which the Court held that cumulative error violated the appellant's fair trial rights. (ECF No. 29-27 (Ex. 148 at 35 (citing *Big Pond v. State*, 692 P.2d 1288 (Nev. 1985))).) He also raised a claim of cumulative error to the Nevada Supreme Court on appeal in his state postconviction habeas litigation. (ECF No. 32-36 (Ex. 277 at 33-34).) Thus, to the extent that it applies to underlying claims of error that remain before the court, Antonetti's federal ground of cumulative error is exhausted.

### B. PROCEDURAL DEFAULT

#### a. Legal Standard

28 U.S.C. § 2254(d) provides that this Court may grant habeas relief if the relevant state court decision was either: (1) contrary to clearly established federal law, as

1  determined by the Supreme Court; or (2) involved an unreasonable application of clearly
2  established federal law as determined by the Supreme Court.

3  "Procedural default" refers to the situation where a petitioner in fact presented a
4  claim to the state courts but the state courts disposed of the claim on procedural grounds,
5  instead of on the merits. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). A federal
6  court will not review a claim for habeas corpus relief if the decision of the state court
7  regarding that claim rested on a state law ground that is independent of the federal
8  question and adequate to support the judgment. *Id*.

9  The *Coleman* Court explained the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, a petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

### b. Ground 4

Antonetti alleges prosecutorial misconduct for offering hearsay testimony in violation of his Fifth, Sixth, and Fourteenth Amendment rights to due process and to confront his accusers. (ECF No. 19 at 40-42.) He concedes that he did not raise this claim on direct appeal but argues that he raised it in his informal brief on appeal of his state postconviction petition. (*See* ECF No. 40 at 6; ECF No. 33-10 (Ex. 291 at 7-8).)

Respondents argue that, therefore, it is either unexhausted or procedurally barred. (ECF No. 25 at 8; ECF No. 41 at 3.)

In its order affirming the denial of his state postconviction petition, the Nevada Supreme Court specifically stated: "To the extent that Antonetti raises these claims independent of a claim of ineffective assistance of trial or appellate counsel, these claims are procedurally barred pursuant to NRS [§] 34.810(1)(b), and Antonetti failed to demonstrate good cause and actual prejudice." (ECF No. 33-13 (Ex. 294 at 4 n.3).)

Petitioner bears the burden of proving good cause for his failure to present the claim and actual prejudice. NRS § 34.810(3). The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case—NRS § 34.810—is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). Therefore, the Nevada Supreme Court's determination that federal Ground 4 was procedurally barred under NRS 34.810(1)(b) was an independent and adequate ground to affirm the denial of the claim in the state petition.

Antonetti maintains that he exhausted the claim; he makes no argument regarding cause and prejudice to excuse the procedural default (ECF No. 19 at 40-42; ECF No. 40 at 5-6.) Accordingly, Ground 4 is dismissed as procedurally barred.

## IV. CONCLUSION

It is therefore ordered that Respondents' motion to dismiss (ECF No. 25) is granted in part as follows: Ground 11 is exhausted; the portion of Ground 2 that states that the admission of the vulgar, explicit portions of the jail phone calls violated Antonetti's Fifth and Fourteenth Amendment rights is exhausted; the portion of Ground 2 regarding evidence of an attempted escape and related phone calls is dismissed and Ground 4 is dismissed.

It is further ordered that Respondents will have 60 days from the date this order is entered within which to file an answer to the remaining claims in the first-amended Petition.

It is further ordered that Petitioner will have 45 days following service of Respondents' answer in which to file a reply.

It is further ordered that Petitioner's two unopposed motions for extension of time (ECF Nos. 35, 39) are granted *nunc pro tunc*.

DATED THIS 3rd day of February 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE