UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOSEPH ANTONETTI,<br><br>                Petitioner,<br><br>    v.<br><br>FILSON, *et al.*,<br><br>                Respondents. | Case No. 3:17-cv-00621-MMD-CLB<br><br>ORDER |

The Court denied Joseph Antonetti's petition for writ of habeas corpus under 28 U.S.C. § 2254 on December 9, 2021. (ECF No. 53.) On December 31, 2021, Antonetti's counsel, Mark D. Eibert, Esq., "provide[d] the Court with Mr. Antonetti's *pro se* motion to reconsider the Order." (ECF Nos. 55, 55-1.) And on January 3, 2022, Mr. Eibert filed an unopposed motion for this Court's merits order to be filed under seal. (ECF No. 56.)

Regarding the *pro se* motion for reconsideration, Local Rule of Practice 11-6(a) provides that "a party who has appeared by attorney cannot while so represented appear or act in the case." Therefore, Antonetti's *pro se* motion for reconsideration, although provided by his counsel, is not properly before the Court and will be stricken.

Turning to the motion for the Court's merits order to be filed under seal, the Court starts with "a strong presumption in favor of access." *Kamakana v. City & Cnty of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks omitted). "A party seeking to seal a judicial record . . . bears the burden of overcoming this strong presumption" by enunciating "compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure." *Id.* Antonetti fails to meet this burden, especially since "the resolution of a

dispute on the merits . . . is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Id.* at 1179.

Mr. Eibert explains that Antonetti informed the Court in his *pro se* motion for reconsideration "that he believed that certain statements made in the Court's Order jeopardized his life in prison by incorrectly implying that he was a 'snitch.'" (ECF No. 56 at 2.) The statements to which Antonetti refers to in this Court's merits order regard his "alleg[ation] that Bartoli must have shot Amina and Stewart." (ECF No. 55-1 at 9.) Antonetti argues that he "never alleged anything about anybody," rather "the evidence is what put Bartoli under scrutiny." (*Id.* at 10.) It appears that Antonetti is referring to the following portion of this Court's order:

> Antonetti's defense was that Stewart, who testified that Antonetti shot him with a 9-millimeter gun, was mistaken when he identified him as the shooter because although he possessed a 9-millimeter gun on the night of the shooting, Amina and Stewart were shot with a .25-caliber gun. Antonetti alleged that Bartoli must have shot Amina and Stewart and accused Antonetti to protect himself.

(ECF No. 53 at 7.) Although Antonetti may not have personally alleged that Bartoli shot Amina and Stewart, that was the defense presented on his behalf at trial. Indeed, Mr. Eibert explained that Antonetti's defense was "that he pulled the 9-millimeter gun that was the only gun Stewart saw, so Bartoli must have pulled and shot the .25 caliber gun that killed Amina and wounded Stewart." (ECF No. 19 at 49.) Therefore, because the Court was merely summarizing Antonetti's defense rather than Antonetti's personal statements, Antonetti's argument that this Court improperly implied that he was a snitch lacks merit. As such, Antonetti has not enunciated compelling reasons to seal the merits order. *See Kamakana*, 447 F.3d at 1178.

It is therefore ordered that the *pro se* motion for reconsideration (ECF No. 55) is stricken.

///

///

///

1 | It is further ordered that the motion to seal (ECF No. 56) is denied.

2 | DATED THIS 5th Day of January 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE